UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| APEX GLOBAL PARTNERS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 3:09-cv-637-M |
| | § | |
| KAYE/BASSMAN INTERNATIONAL | § | |
| CORP., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss [Docket Entry #7]. For the reasons

explained below, the Motion is **DENIED**.

*Background*

Defendant Kaye/Bassman International Corp. ("KBIC") provides an array of services to

other businesses. Services KBIC provides include assisting companies in recruiting "insurance

producers," who sell insurance to businesses and individuals, and assisting companies interested

in making acquisitions of other companies to find suitable candidates. Plaintiff Apex Global

Partners, Inc. ("Apex") alleges it and KBIC entered into a "Search Agreement," for KBIC to help

Apex find two insurance producers, and a "Consulting Agreement," for KBIC to assist Apex to

identify suitable acquisition candidates. KBIC filed suit in state court, claiming that under the

terms of the Consulting Agreement, it facilitated Apex's successful purchase of the assets of

several companies, but that Apex has refused to pay a commission to KBIC for KBIC's work.

Apex's Answer to that lawsuit denies the validity of the Consulting Agreement, and states that

1

Apex specifically rejected its terms.  On April 7, 2009, Apex filed suit against KBIC in this

Court, alleging that the Consulting Agreement is void under Section 29(b) of the Securities

Exchange Act of 1934, because KBIC did not register as a securities dealer, and that contracts

made with unregistered securities dealers are voidable by the injured party.

KBIC seeks dismissal of this suit on several theories: (1) Apex is judicially estopped

from arguing the invalidity of the Consulting Agreement; (2) Apex lacks standing to sue for a

Section 29(b) violation, because it has not suffered an injury in fact, thereby depriving the Court

of subject matter jurisdiction; and (3) Apex's suit fails to state a claim upon which relief can be

granted.

## I.     Judicial Estoppel

KBIC argues that Apex is judicially estopped from asserting that the Consulting

Agreement is voidable under federal securities law, because it has argued in the state court suit

that the Consulting Agreement does not exist.  Judicial estoppel is an equitable doctrine which

"generally prevents a party from prevailing on an argument in one phase of a case, and then

relying on a contradictory argument to prevail in another phase."[1]  As explained by the Fifth

Circuit, judicial estoppel "prevents a party from asserting a position in a legal proceeding that is

contrary to a position previously taken in the same or some earlier proceeding."[2]  The doctrine

"prevents internal inconsistency, precludes litigants from 'playing fast and loose' with the courts,

and prohibits parties from deliberately changing positions based on the exigencies of the

moment."[3] The Supreme Court has stated three requirements for the doctrine's application: (1) a

party's later position must be "clearly inconsistent" with its earlier position;[4] (2) the party sought

---

[1] *New Hampshire v. Maine*, 532 U.S. 742, 749 (U.S. 2001) (internal citations and quotations omitted).
[2] *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996).
[3] *Id.* at 598.
[4] *New Hampshire*, 532 U.S. at 750 (internal citations omitted).

to be estopped must have persuaded a court to accept that party's earlier position, so that judicial

acceptance of the second position would create "the perception that either the first or the second

court was misled;"[5] and (3) the party seeking to assert an inconsistent position would derive an

unfair advantage,  or an unfair detriment would be imposed on the opposing party if the allegedly

inconsistent party were not estopped.[6]

In this case, none of the factors are satisfied.  First, Apex's positions in the two lawsuits

are not inconsistent.  In state court, Apex argues that the Consulting Agreement is unenforceable

because any signature on it purportedly for Apex is either not genuine, or was made without

authorization.  In this Court, Apex argues that as an unregistered broker-dealer, KBIC cannot

enforce the Consulting Agreement without violating federal securities law.  Both suits involve

challenges to the enforceability of the Consulting Agreement.  Apex's positions are alternative,

not inconsistent.  Second, there is no evidence that the state court has as yet accepted Apex's

arguments, so there could be no perception that either court was misled.  Third, Apex has neither

gained an unfair advantage from its positions nor unfairly caused a detriment to KBIC.  The

doctrine of judicial estoppel is thus inapplicable.[7]

## II.      Rule 12(b)(1) Motion to Dismiss for Lack of Standing

For a court to exercise subject matter jurisdiction over a case, the plaintiff must have

standing to bring its claims.  For a plaintiff to have standing, it must satisfy three requirements:

(1) it must have suffered an "injury in fact," which is an invasion of a legally protected interest

which is both concrete and particularized, not conjectural or hypothetical;[8] (2) there must be a

---

[5] *Id*. (internal citations omitted).
[6] *Id*. (internal citations omitted).
[7] *See id*., at 751-55 (applying judicial estoppel to prevent litigant from taking factual position inconsistent with the one it took in prior proceeding).
[8] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (U.S. 1992) (internal citations and quotations omitted) (collecting authority).

causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision by the court.[9]

KBIC argues that Apex lacks standing to bring its claim in this Court because it has not shown that it has suffered a particularized injury, and because Apex has not shown that any injury is traceable to KBIC's conduct. KBIC urges that it did not perform due diligence pursuant to the purported Consulting Agreement for the three acquisitions Apex made, and that it is not a securities dealer under the federal securities law. KBIC's position is that, absent a demonstration that KBIC violated Section 29(b) with respect to services it performed for Apex, Apex cannot bring suit.

The Court rejects KBIC's standing arguments. The Fifth Circuit has held that where issues of fact are "central to both subject matter jurisdiction and the claim on the merits . . . the trial court must assume jurisdiction and proceed to the merits."[10] Further, where "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under either Rule 12(b)(6) or Rule 56."[11] Such is the case here, and thus the proper procedural vehicle is a Rule 12(b)(6) motion. Furthermore, Apex's alleged injury in fact is clear; KBIC is attempting to enforce a contract, allegedly made between Apex and KBIC, which Apex claims violates the federal securities law. There is a clear causal connection between the alleged conduct and the alleged injury, and the voiding of the contract would redress the alleged injury.

---

[9] *Id.*

[10] *Montez v. Dept. of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) (internal citations and quotations omitted).

[11] *Id.*

Apex has standing to bring its suit.[12]

### III.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

The central issue before the Court is whether Apex has stated a claim under the federal

securities law.  When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court

accepts as true all well-pleaded facts, and views those facts in a light most favorable to the

plaintiff.[13]  A plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than mere labels and conclusions; a formulaic recitation of the elements of a cause of

action will not suffice.[14]  The factual allegations must be sufficient to raise a non-speculative

right to relief.[15]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough

facts to state a claim to relief that is plausible on its face."[16]  In deciding a motion to dismiss, a

court does not evaluate a plaintiff's likelihood of success; it only determines whether a plaintiff

has stated a legally cognizable claim.[17]

The Fifth Circuit has held that a contract is voidable under Section 29(b) if it is shown:

(1) that the contract involved a "prohibited transaction;" (2) that the movant is in contractual

privity with the defendant; and (3) that the movant is in the class of persons the Act was designed

to protect.[18]  Section 29(b) may render voidable contracts that are "either illegal when made or as

in fact performed,"[19] and the Section supports a private cause of action.[20]

---

[12] *See Lujan*, 504 U.S. at 561-62 (Standing "depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue. If he is, there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it.").

[13] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995).

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

[15] *Id.* at 555-57.

[16] *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008) (internal citations and quotations omitted).

[17] *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

[18] *Regional Props., Inc. v. Fin. and Real Estate Consulting Co.*, 678 F.2d 552, 559 (5th Cir. 1982).

[19] *Regional Props.*, 678 F.2d at 560 (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 388 n.11 (1970) (stating in dicta that Section 29(b) could be used to void proxies submitted in favor of merger even though the terms of merger were themselves not unlawful, if proxies had been solicited in manner violative of the Act)). The *Regional Properties* case held that contracts violative of the securities laws when performed, as well as when made, were voidable.

The Complaint alleges a "putative contract," and attaches the Consulting Agreement. KBIC contends that, to successfully assert a cause of action, Apex must "admit the existence" of the contract, but in effect Apex has done so.  Apex argues the Consulting Agreement exists, but that it is unenforceable.  The Complaint also alleges that a "prohibited transaction" occurred. The Exchange Act "provides that any person who engages in the business of effecting transactions in securities for the account of others is a broker and is therefore required, in the absence of an applicable exception, to register as a broker/dealer with the Securities and Exchange Commission."[21]  In *Cornhusker Energy Lexington, LLC. v. Prospect Street Ventures*, the court extensively analyzed a claim that a putative contract was voidable due to the failure to register as a broker-dealer.  The court stated that a finder is like a party who "will be performing the functions of a broker-dealer, triggering registration requirements, if [the finder's] activities include: analyzing the financial needs of an issuer, recommending or designing financing methods, involvement in negotiations, discussion of details of securities transactions, making investment recommendations, and prior involvement in the sale of securities."[22]  Merely bringing together the parties to transactions, even those involving the purchase and sale of securities, is not enough.

The Complaint alleges that KBIC acted as an unregistered broker-dealer in its dealings with Apex, involving itself in negotiations, making investment recommendations, and giving

---

[20] *Id*. at 557-58.

[21] *Cornhusker Energy Lexington, LLC. v. Prospect Street Ventures*, No. 8:04CV586, 2006 WL 2620985 (D. Neb. Sep. 12, 2006).  Section 29(b) provides, in relevant part: "Every contract made in violation of any provision of this title or of any rule or regulation thereunder, and every contract (including any contract for listing a security on an exchange) heretofore or hereafter made, the performance of which involves the violation of, or the continuance of any relationship or practice in violation of, any provision of this title or any rule or regulation thereunder, shall be void (1) as regards the rights of any person who, in violation of any such provision, rule, or regulation, shall have made or engaged in the performance of any such contract, and (2) as regards the rights of any person who, not being a party to such contract, shall have acquired any right thereunder with actual knowledge of the facts by reason of which the making or performance of such contract was in violation of any such provision, rule or regulation . . . ." 15 U.S.C. s 78cc(b).

[22] *Id*. at *6 (citing series of Securities and Exchange Commission no-action letters).

advice in connection with investments that may have involved securities.  The Consulting

Agreement states that the mergers KBIC identified "could take many forms, including but not

limited to the purchase of assets, the purchase of stock, or a merger."[23]  Further, Apex alleges

that KBIC represented that it was willing to accept a percentage of Apex stock in lieu of a

percentage of the price of the acquisition, which was its usual pay structure.[24]  The Complaint

also alleges that KBIC frequently involved itself in the sale of securities.

KBIC argues that it did not perform due diligence during the relevant transactions, and

only facilitated purchases of assets, rather than securities, thereby making the registration

requirements inapplicable.  KBIC also seeks to submit evidence supporting such an argument.

However, in the context of a 12(b)(6) motion, the Court must accept all well-pleaded allegations

as true, and generally will not make factual findings or consider evidence outside the pleadings.[25]

If KBIC wishes to submit evidence and move for early summary judgment, it is entitled to do

so.[26]

As for the remaining requirements, of privity and intended protecters, privity is not

seriously in dispute, and Apex, as a potential purchaser of securities, is in the class of persons the

securities laws are intended to protect.[27]  Thus, the Court expresses no view on the merits of the

suit, except to find that it pleads a plausible claim for relief.  The Motion to Dismiss is **DENIED**.

*Conclusion*

For the reasons explained above, KBIC's Motion is **DENIED** in its entirety.

**SO ORDERED**.

---

[23] Complaint App. at 25.
[24] Complaint at 3.
[25] *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  KBIC correctly argues that the Court may consider extrinsic evidence in support of a 12(b)(1) standing argument, but that is not the correct procedural vehicle for its attack on the merits of the Complaint.
[26] *See id.*
[27] *See Regional Props.* at 560-62 (holding that Section 29(b) is not limited only to suits between issuers and investors).

August 31, 2009.


**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**